AUGUST C. NANZ, Plaintiff, v. JESSE OAKLEY,
Defendant.

*Liability upon an administrator's bond — jurisdiction and the proceedings leading
to a surrogate's decree must be shown — an execution issued before the docketing
of the decree not sufficient.*

The basis of an action upon an administrator's bond was a decree of a Surrogate's
Court against such administrator and in favor of plaintiff.  The plaintiff pro-
duced only the decree, to which objection was made, but no jurisdiction of the
parties was shown, nor was any proof given of any proceedings in the Surro-
gate's Court preliminary to the making of the decree.

*Held*, that in the absence of the record showing service upon the parties, and that
due proceedings were taken, the decree was inadmissible.

That it was also error to admit in evidence an execution against the property of
said administrator, it appearing upon its face that it was issued twenty-six days
before the decree was docketed in the county to which said execution was issued.

Exceptions of the defendant, Jesse Oakley, ordered to be heard
in the first instance at General Term (judgment being in the mean-
time suspended), after a trial at the New York Circuit, on the
17th day of November, 1890, at which the court directed the jury
to find a verdict for the plaintiff for $5,698.25.

*David Thornton*, for the motion.

*W. H. Mundy*, opposed.

Van Brunt, P. J.:

This action was brought to recover upon an administrator's bond.
It has been previously tried and the complaint dismissed; and upon
appeal taken to the Court of Appeals the judgment was reversed
and a new trial ordered; and upon such new trial the court directed
a verdict in favor of the plaintiff.  Certain exceptions having been
taken, they were ordered to be heard in the first instance at the
General Term.

The foundation of the action was a decree entered in the Surro-
gate's Court against the administrator, upon whose behalf the bond
had been given, in favor of the plaintiff, which decree had not been
complied with.  Upon the trial of the action such decree was offered
in evidence without any proof of the proceedings showing that the

surrogate had acquired jurisdiction to render such a decree. Objection was taken that the decree was simply a *postea*, and that there was no jurisdiction shown for making the decree and no foundation for it. This objection was overruled and an exception taken. We think that this was error. In order to make the adjudication of the Surrogate's Court binding, it was necessary to show by the record that the court had acquired jurisdiction of the parties in the manner prescribed by law. The simple production of a decree proves nothing where the objection is taken that the judgment-roll must be produced, or that the proceedings which resulted in the decree must be produced; it is error to overrule such objection, because, as already stated, the record must show that the court has jurisdiction of the parties. In the case at bar there is nothing but a decree upon a final accounting. None of the proceedings are offered in evidence going to show that the surrogate had acquired jurisdiction either of the persons against whom he was adjudicating or of the subject-matter. This was necessary, because, if it appeared from the record that the proper proceedings had not been taken so as to confer jurisdiction upon the surrogate to render the decree which he assumed to render, of course the decree could not be admitted in evidence.

Another objection was taken to the admission of an execution against the property of the administrator who had been directed to pay over the money to the plaintiff's assignor. It appeared that such execution had been issued twenty-six days prior to the docketing of the judgment in the county to which it was issued. This was clearly an irregularity, and conferred no power upon the sheriff to execute the same. Neither could the requirements of the Code be complied with, because such execution could not truthfully contain the recital that the judgment had been docketed in the county to which the execution was issued. Another execution was offered in evidence, which was subsequently issued. But that execution was fatally defective in not containing the recital required by the Code, that the judgment referred to had been docketed in the county to which the execution was issued.

The objections as to the defects of the assignment which forms the plaintiff's title cannot be considered, because they seem to have been disposed of upon the prior appeal. None of the other excep-

tions need consideration in view of the fact that the exception to the admission of the surrogate's decree, without proof of any other papers, is fatal to the verdict which has been rendered.

We are of opinion, therefore, that the exceptions should be sustained, the verdict set aside and a new trial ordered, with costs to defendant to abide event.

Daniels, J., concurred.

Exceptions sustained, verdict set aside and new trial ordered, with costs to defendant to abide event.